### WRIGHT et al. v. UNITED STATES ex rel. RED JACKET CONSOL. COAL & COKE CO.

(Circuit Court of Appeals, Fourth Circuit. December 7, 1921.)

No. 1918.

Appeal and error ☞1170(1)—Failure to put injunction order in evidence in prosecution for contempt held not reversible error.

In prosecution for contempt of court for violation of an injunction order against persuading or compelling employees to leave their employment, where defendants in their answer admitted that the injunction order had been issued, and on their motion the particular portion on which trial was to be had was designated, failure to put the injunction order in evidence, where not called to the attention of the trial court, was not reversible error, under Act Feb. 26, 1919, forbidding reversal for errors not affecting substantial rights.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In Error to the District Court of the United States for the Southern District of West Virginia, at Charleston; Charles A. Woods and Edmund Waddill, Jr., Judges.

Bill by the United States for injunction, on the relation of the Red Jacket Consolidated Coal & Coke Company, against John L. Lewis and others, wherein injunction was granted. Thereafter Henry Wright, Joe Smith, Ade Clark, Will Moore, and John Patrick were convicted of contempt of court in violating said injunction, and they bring error. Affirmed.

Charles J. Van Fleet, of Charleston, W. Va. (Harold W. Houston, of Charleston, W. Va., on the brief), for plaintiffs in error.

Barnes Gillespie, of Tazewell, Va. (B. Randolph Bias, of Williamson, W. Va., and Greever, Gillespie & Divine, of Tazewell, Va., on the brief), for defendant in error.

Before KNAPP, Circuit Judge, and ROSE and GRONER, District Judges.

ROSE, District Judge. On the 20th of October, 1920, the court below in the case of the Red Jacket Consolidated Coal & Coke Company v. John L. Lewis, president, and 48 other named officers, members, agents, and representatives of the United Mine Workers of America, issued an injunction, by the sixth paragraph of which, the defendants, their officers, agents, employees and attorneys, were restrained from—

"compelling or inducing, or attempting to compel or induce, by persuasion, threats, intimidation or abusive or violent language, any of plaintiff's employees to leave its service or fail or refuse to perform their duties as such employees under their contracts of employment, or from compelling or attempting to compel by false representation, threats, intimidations or abusive or violent language, or other unlawful means, any person desiring to seek employment in plaintiff's mines and works from so accepting employment therein."

On the 27th of the succeeding January the plaintiff, in an intervening petition, supported by affidavits, called the attention of the court to alleged breaches of the injunction by a number of persons, including the plaintiffs in error herein. It was alleged that the persons accused were among the defendants named in the original order of injunction, or were members, employees or servants of the United Mine Workers of America, in active concert or participation with such defendants, and that subsequent to the issue of the injunction, and with full notice and knowledge of it, they willfully, knowingly, and maliciously disobeyed and violated it in certain respects, as specifically set forth.

The court held that the petition charged the commission of a criminal contempt, and thereafter all proceedings now under review were entitled in the name of the United States of America ex rel. the original plaintiff, versus the individuals charged with the contempt. The court entered an order requiring each of the accused in the contempt proceedings to appear before the court below at Huntington, on a day named therein, to show cause why they should not be punished for their contempt, and the marshal was directed to serve a copy of such order

and of the petition and affidavits upon each of the accused. The time for appearing and answering was subsequently extended, so that the answer was not actually filed until the 6th of April, 1921.

All the plaintiffs in error filed a joint answer, and by it they admitted the filing of the bill in the original case and the entry of the injunction and decree. The suggestion now made that the particular plaintiffs in error did not unite in this admission has no justification, either in the form or the language of the answer. They each and every one denied, however, that they had violated the injunction. The court was of opinion that the answer did not sufficiently purge the alleged contempt, and set down the matter for trial on the 22d of April. As it appeared that some of the acts charged were, if committed, crimes against the laws of West Virginia, the attendance of a jury was ordered on that day.

At the time set, all the defendants pleaded "not guilty," and asked the court to compel the plaintiff to designate more specifically those sections of the long injunction order which they were said to have violated. The court thereupon ruled that the issue to be tried by the jury was whether the defendants, or any of them, had violated that part of the injunction order heretofore quoted by doing any act or thing set out in the intervening petition, of such a character as to be construed as a criminal offense under any of the statutes of the United States, or under the laws of the state of West Virginia. A jury was thereupon impaneled and sworn. The government offered evidence tending to show, and which, if believed, did show that the plaintiffs in error, and each of them, were members of the United Mine Workers of America, and for the purpose of compelling various individuals named in the intervening petition, and who were in the employ of the original plaintiff in the injunction suit, to leave such service, had threatened, intimidated, abused, assaulted, and beaten such persons, all in flat defiance of the terms of the injunction. The plaintiffs in error offered no testimony. They asked no instructions other than that the court should direct a verdict of "not guilty."

The jury convicted the plaintiffs in error, the prosecution having either been abandoned or a verdict of "not guilty" returned as to all the other persons accused. The motion for a new trial was refused, and the plaintiffs in error were each sentenced to two months in the Mingo county jail. The assignments of error are three: (1) That the court refused to direct a verdict of not guilty. (2) That it overruled the motion for a new trial. (3) That it entered a judgment upon the verdict.

That the refusal of a motion for a new trial is not reviewable upon appeal, except under very peculiar circumstances not alleged here to exist, is too well established to require citation of authority. There is no error apparent upon the record which would have sustained a motion in arrest of judgment, if any had been made, as apparently none was.

It follows that the only matter open for consideration here is whether the court below should have directed a verdict for the plaintiffs in error. The bill of exceptions does not disclose that the attention of the court below was called to any reasons which would justify the grant-

ing of such motion, and no claim is made that any were in fact set up. It is said, however, that it should have been granted, because the injunction order was not formally put in the evidence before the jury. It was itself the basis of the prosecution. The defendants in their answer admitted that it had been issued. It was upon their motion that the particular portion of it, upon which the trial was to be had, was designated. In short, it was the basis of the whole proceeding. Every one concerned knew all about it, and there was not a shadow of controversy as to it.

The act of Congress providing for jury trials in certain classes of contempt cases (Comp. St. § 1245b) was intended to give the defendants the right to have the real issues in dispute tried by the country. No one wanted to incumber the proceedings with all the technicalities which flourished at the Old Bailey 150 years ago. Nor is there anything more of substance in the contention of the plaintiffs in error that there was not sufficient evidence to show that they knew of the existence of the injunction before they committed the acts charged against them, or that they were acting in concert and participation with the originally named defendants, their officers, agents and servants. The evidence showed that all the plaintiffs in error were members of the union. One of them was a defendant named in the original bill, and the others were acting in co-operation with him. Moreover such objections as these, especially that the injunction order had not been properly proved, should have been called to the attention of the court below before the jury retired. If this had been done, the court could, in its discretion, and indeed should, have permitted the reopening of the case to admit the formal proof of the fact, about which no one had any doubt. Omissions which could have been corrected, and doubtless would have been, had the attention of the court been called to them in time, do not constitute grounds for reversal. This was or should always have been true, and since the Act of February 26, 1919. 40 Stat. 1181, there can be no question about it.

Affirmed.